United States District Court
Southern District of Texas

**ENTERED**
April 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JONATHAN SOLIS-PEREZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00140** |
| | § | |
| **RIO GRANDE PROCESSING CENTER,** *et al.*, | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Jonathan Solis-Perez's ("Petitioner") Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner requests immediate release, arguing that his detention violates the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment. (*See id.* at 7–8.)

On December 16, 2025, an Immigration Judge ("IJ") granted Petitioner's application for cancellation of removal under the INA § 240A(b). (*Id.* at 3, Attach. 2 at 5.)[1] DHS reserved the right to appeal the IJ's order and filed an appeal with the BIA on or around January 14, 2026. (Dkt. 1 at 4.) On January 22, 2026, the BIA rejected DHS's notice of appeal on the grounds that it did not contain the properly completed proof of service. (*Id.*) On January 23, 2026, DHS refiled an appeal with the BIA, which was after the 30-day deadline to appeal. (*Id.* at 5; Dkt. 8 at 4.) Respondents claim that the BIA accepted DHS's notice of appeal and thus, Petitioner's

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

1 / 3

cancellation of removal order is not final. (Dkt. 8 at 3–4.) Respondents point to the BIA filing receipt for the appeal and the BIA's Notice of Briefing Schedule as evidence that the appeal is pending. (*See* Dkts. 17, 19, 23.) On the other hand, Petitioner argues that there has not been any "BIA order accepting an untimely DHS appeal, granting a motion to accept an untimely appeal, or otherwise finding that an appeal rejected as defective has been cured and deemed timely." (Dkt. 18 at. 1.) Thus, Petitioner claims that his detention after final relief is in excess of statutory authority, Count I, and violates the Due Process Clause of the Fifth Amendment, Count II. (Dkt. 1 at 7.)

Upon review of the evidentiary record submitted to the Court, there is no indication that the BIA has ruled on DHS's untimely appeal of the order granting Petitioner cancellation of removal. (*See* Dkts. 22, 23.) In light of the BIA's authority to "accept late-filed appeals where a party can establish equitable tolling applies," the Court must treat Petitioner's immigration proceedings as pending because the BIA has not dismissed the appeal as untimely. *See Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (BIA 2023). District courts may not review questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States." *See* 8 U.S.C. § 1252(b)(9); *see also Texas v. United States*, 126 F.4th 392, 417 (5th Cir. 2025). Thus, the Court "lacks jurisdiction to review the propriety of DHS's untimely appeal or evaluate its entitlement to equitable tolling." *See Hernandez v. Baltasar*, 2026 WL 809843, at *3 (D. Colo. Mar. 24, 2026) (finding the court lacked subject-matter jurisdiction because it treated petitioner's removal proceedings as pending unless and until the BIA denied DHS's late appeal or granted the petitioner's motion to dismiss the appeal as untimely); *Salmeron v. Baltasar*, 2026 WL 776111, at *3 (D. Colo. Mar. 19, 2026) (same); *see also Negrete-Ramirez v. Noem*, 2026 WL 375961, at *3 (D.N.M. Feb. 10, 2026) (finding the court lacked subject-matter jurisdiction over a

2 / 3

challenge to detention because "the BIA accepted DHS's appeal of his removal cancellation as timely, which allowed removal proceedings to continue.")

Petitioner's initial petition also includes a third claim for relief under the Fifth Amendment Due Process Clause and *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) on the grounds that Petitioner never received an individualized custody determination prior to detention. (Dkt. 1 at 8.) However, in a later filing, Petitioner voluntarily withdrew Count III. (*See* Dkt. 13 at 1–2) ("Respondents repeatedly characterize Petitioner's Fifth Amendment claim as a generic challenge to detention under 8 U.S.C. § 1225(b) without a bond hearing. That is not the claim before this Court … Petitioner is not asking this Court to hold § 1225(b) unconstitutional in the abstract or to impose bond hearings on all § 1225(b) detainees. He is challenging the continued detention of a person who has already been granted statutory relief, where the government failed to perfect a timely appeal and the BIA expressly rejected its defective filing."). Thus, the Court will not reach the merits of Petitioner's final claim, Count III, at this time.

Because Petitioner limits his challenge to his detention to Counts I and II, the Court is unable to grant the relief that Petitioner seeks. Consequently, Respondents' Motion for Summary Judgment, (Dkt. 8), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.
SIGNED this April 1, 2026.

              Diana Saldaña
              United States District Judge